FILED
2008 Jun-10 PM 02:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Patricia Crittenden

**DEFENDANTS**
Amsher Collection Services, Inc., et al

(b) County of Residence of First Listed Plaintiff   Jefferson
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
K. Anderson Nelms, 2005 Cobb Fords Road, Suite 301A
Prattville, Alabama 36066, (334) 351-1770

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
|  | ☐ 340 Marine | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
|  | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |  |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Sections 1681 and 1692
Brief description of cause:
Defendants' violations of the FCRA, FDCPA, ADTPA, and other state laws

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____           SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA CRITTENDEN, <br><br>  Plaintiff, <br><br> v. <br><br> AMSHER COLLECTION SERVICES, INC., a foreign corporation, ALLIANCE COLLECTION SERVICES, a foreign company, STANDARD FURNITURE COMPANY, a domestic company, EQUIFAX INFORMATION SERVICES, LLC, a foreign limited liability corporation, EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation, and TRANS UNION, LLC, a foreign limited liability corporation, <br><br>  Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No.: _____ <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

COMES NOW Plaintiff, by and through the undersigned attorney, and would show unto this Court as follows:

### PRELIMINARY STATEMENT

1. This petition is an action for statutory and actual damages, including injunctive and declaratory relief, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (hereinafter referred to as "FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "FCRA").

2. In addition, this petition seeks actual, compensatory, statutory, and/or punitive damages

Page 1 of 15

under Alabama state law and the Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-1, *et seq.* (hereinafter referred to as "ADTPA"), pursuant to this Court's pendent and supplemental jurisdiction.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Defendants' violations of Plaintiff's rights, as alleged herein, occurred in Jefferson County, Alabama, and were committed within the Southern Division of the Northern District of Alabama.

## PARTIES

5. Plaintiff is a natural person and a resident and citizen of Jefferson County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975 § 8-19-3(2).

6. Defendant AMSHER COLLECTION SERVICES, INC. (hereinafter referred to as "AMSHER" or "Defendant") is a foreign corporation engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "person" defined under Ala. Code 1975 § 8-19-3(5), engaged in the business of collecting debts in this State where AMSHER regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone.

7. Defendant ALLIANCE COLLECTION SERVICES (hereinafter referred to as "ALLIANCE" or "Defendant") is a foreign company, a better denomination of which is unknown to Plaintiff at the present time, engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "person" defined under Ala. Code 1975 § 8-19-3(5), engaged in the business of collecting debts in this State where ALLIANCE regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone.

8. Defendant STANDARD FURNITURE COMPANY (hereinafter referred to as "STANDARD" or "Defendant") is a domestic company, a better denomination of which is unknown to Plaintiff at the present time, engaged in the business of furnishing consumers with credit in the State of Alabama.

9. Defendant EQUIFAX INFORMATION SERVICES, LLC (hereinafter referred to as "EQUIFAX" or "Defendant") is a foreign corporation licensed to do business within the State of Alabama. EQUIFAX is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

10. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter referred to as "EXPERIAN" or "Defendant") is a foreign corporation licensed to do business within the State of Alabama. EXPERIAN is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and

dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

11. Defendant TRANS UNION, LLC (hereinafter referred to as "TRANS UNION" or "Defendant") is a foreign corporation licensed to do business within the State of Alabama. TRANS UNION is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

12. Plaintiff restates and reiterates herein all previous paragraphs.

13. Plaintiff filed bankruptcy and was discharged on April 19, 2006, with Defendants receiving a copy of the discharge order. The case number is 06-00114-TBB7.

14. Despite their receipt of the aforementioned court order, Defendants AMSHER, ALLIANCE and STANDARD have continued to report Plaintiff's accounts to one or more of the three national consumer reporting agencies (hereinafter referred to as "CRAs") as having a current balance due and payable rather than reflecting that the accounts were discharged in bankruptcy. More specifically:

   a) Defendant AMSHER shows balances of $64 and $344 on EQUIFAX, EXPERIAN AND TRANS UNION;

   b) Defendant ALLIANCE shows a balance of $2,613 on EQUIFAX and TRANS UNION; and

  c) Defendant STANDARD shows a balance of $2,558 on TRANS UNION.

15. Defendants AMSHER, ALLIANCE and STANDARD have intentionally and maliciously failed and/or refused to either accurately report these accounts as having been discharged in bankruptcy or notify the CRAS that such accounts should have a zero balance as a result of being discharged in bankruptcy.

16. Plaintiff's credit reports, credit worthiness, and credit scores have been negatively impacted by the inaccurate reporting of Defendants AMSHER, ALLIANCE and STANDARD.

17. Defendants AMSHER, ALLIANCE and STANDARD have proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the jury.

18. Defendants AMSHER, ALLIANCE and STANDARD knew and know that a discharge order means Plaintiff no longer owes the debts and has no personal liability to Defendants. However, Defendants have made a corporate decision to willfully and maliciously act contrary to their knowledge in a calculated decision to violate the requirements to properly update Plaintiff's accounts.

19. Defendants AMSHER, ALLIANCE and STANDARD have a policy and procedure to refuse to properly update credit reports of consumers, such as Plaintiff's, who have discharged their debts. The reason is to keep false information on their credit reports. The false information consists of a balance shown as owed absent any reference to the debt being discharged in Bankruptcy.

20. Defendants AMSHER, ALLIANCE and STANDARD update numerous accounts each month with allegedly the correct information regarding the balance but have willfully and maliciously refused to do so with Plaintiff and other consumers who are similarly situated.

21. Defendants AMSHER, ALLIANCE and STANDARD have willfully and maliciously failed to report these accounts as having a "0" balance as required by 16 CFR § 607(6), which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

22. Defendants AMSHER, ALLIANCE and STANDARD have promised, through their subscriber agreements or contracts with the CRAs, to update accounts that have been discharged in bankruptcy but they have willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, federal law and state law which has resulted in this information remaining on Plaintiff's credit reports.

23. Defendants AMSHER, ALLIANCE and STANDARD have a policy to "park" their accounts on at least one of the Plaintiff's credit reports. This industry-specific term refers to keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

24. In the context of parking an account, Defendants AMSHER, ALLIANCE and

STANDARD have an obligation and duty under federal and state law to accurately report the balance and they willfully and maliciously refuse to do so.

25. Defendants AMSHER, ALLIANCE and STANDARD know that parking a balance will lead to the publication of false and defamatory information every time Plaintiff's credit reports are accessed. However, Defendants intentionally and maliciously intend to force Plaintiff, and others similarly situated, to pay on an account that has been discharged.

26. Plaintiff's credit reports have been accessed since the discharge and therefore the false information of Defendants AMSHER, ALLIANCE and STANDARD has been published to third parties.

27. When the consumer pays the "parked" account, Defendants AMSHER, ALLIANCE and STANDARD claim that such payment was merely "voluntarily" or to pay off a "moral obligation." Defendants know and intend that, by willfully and maliciously parking the account on the credit report, an illegal payment can be extorted from the consumer.

28. Despite receiving disputes regarding their false reporting, Defendants AMSHER, ALLIANCE and STANDARD have intentionally and knowingly maintained their policy of keeping false and damaging information on at least one of Plaintiff's credit reports.

29. Defendants AMSHER, ALLIANCE and STANDARD have a practice of maliciously, willfully, recklessly, wantonly, and/or negligently violating, ignoring, and refusing to follow the requirements of the FCRA, FDCPA, federal and state law.

30. All actions taken by employees, agents, servants, or representatives of any type for Defendants AMSHER, ALLIANCE and STANDARD were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

31. The actions of Defendants AMSHER, ALLIANCE and STANDARD were malicious, wanton, reckless, intentional or willfull, and performed with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the law.

32. Defendants AMSHER, ALLIANCE and STANDARD have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports which subjects them to punitive and statutory damages, and all other appropriate measures to punish and deter similar future conduct.

33. The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA, federal law, and state law of Defendants AMSHER, ALLIANCE and STANDARD, regarding Plaintiff's alleged debt, as described herein, constitute harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer the same.

34. Defendants EQUIFAX, EXPERIAN and TRANS UNION have failed and/or refused to verify the accuracy of the information they have published and continue to publish in Plaintiff's credit reports.

35. The intentional, reckless, and willful violations of the FCRA, federal law and state law of Defendants EQUIFAX, EXPERIAN and TRANS UNION has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing her to suffer severe mental distress, mental and physical pain, embarrassment,

and humiliation which Plaintiff will in the future continue to suffer the same.

**COUNT ONE**
**DEFENDANTS AMSHER, ALLIANCE AND STANDARD**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692,** *et seq.*

36.  Plaintiff restates and reiterates herein all previous paragraphs.

37.  Defendants attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes. More specifically, the following actions of Defendants violated the FDCPA:

   a)  Falsely attempting to collect a debt, by reporting a balance, when there is no legal right to collect the discharged debt;

   b)  Taking illegal actions against Plaintiff;

   c)  Refusing to properly update the account;

   d)  Failing to show the account as being "disputed" by Plaintiff; and

   e)  Reporting the invalid debt on Plaintiff's credit report.

38.  The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine debt collection business and/or in gross reckless disregard of the rights of Plaintiff.

39.  The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692, *et seq.*

40.  As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for a declaratory judgment that their conduct violated the FDCPA, and Plaintiff's actual

damages, statutory damages, and costs and attorney's fees under 15 U.S.C. 1692k, civil liability [Section 813 of Pub. Law].

## COUNT TWO
## VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
## ALA. CODE 1975 § 8-19-3, *et seq.*

41. Plaintiff restates and reiterates herein all previous paragraphs.

42. The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

43. Said conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is prohibited, unfair, and deceptive.

44. The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collecting business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited.

45. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

46. Defendants' unfair and deceptive acts have proximately caused emotional and actual damages and Defendants are liable to Plaintiff for such injury.

## COUNT THREE
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et seq.*

47. Plaintiff restates and reiterates herein all previous paragraphs.

48. In the entire course of their actions, Defendants willfully and/or negligently violated the provisions of the FCRA in the following respects:

    a) By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports;

    b) By willfully and/or negligently failing to comport with FCRA section 1681i;

    c) Defaming Plaintiff by publishing to third parties false information regarding her creditworthiness;

    d) Invading the privacy of Plaintiff; and

    e) Failing in its duty to prevent foreseeable injury to Plaintiff.

49. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting business and/or in gross reckless disregard of the rights of Plaintiff.

50. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FCRA, 15 U.S.C. § 1681, *et seq.*

51. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under the FCRA.

## COUNT FOUR
## DEFENDANTS AMSHER, ALLIANCE AND STANDARD
## NEGLIGENCE

52. Plaintiff restates and reiterates herein all previous paragraphs.

53. Defendants' acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

54. Defendants' negligent acts were purposeful to illegally coerce Plaintiff into paying the alleged debt.

55. As a proximate consequence of Defendants' negligence, Plaintiff has been caused to suffer severe emotional and mental distress.

56. As a result of the Defendants' unlawful acts, Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

## COUNT FIVE
## DEFENDANTS AMSHER, ALLIANCE AND STANDARD
## HARASSMENT

57. Plaintiff restates and reiterates herein all previous paragraphs.

58. Defendants' acts, as described herein, were done so intentionally, maliciously, and willfully, and without care or concern for Plaintiff's well being. Defendants' harassing collection tactics created a hostile environment for Plaintiff.

59. Defendants wrongfully exploited Plaintiff in an attempt to coerce her into paying the alleged debt.

60. Defendants' communications to Plaintiff were offensive and harassing.

61. As a proximate consequence of Defendants' harassment, Plaintiff has been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an

attorney.

## COUNT SIX
## INVASION OF PRIVACY

62. Plaintiff restates and reiterates herein all previous paragraphs.

63. Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

64. As a direct and proximate consequence of Defendants' acts of invading Plaintiff's privacy, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## DECLARATORY AND INJUNCTIVE RELIEF

65. Plaintiff restates and reiterates herein all previous paragraphs.

66. A dispute exists as to whether Defendants have violated the FDCPA, FCRA, Alabama Deceptive Trade Practices Act, federal law and state law.

67. Plaintiff is entitled to injunctive relief, a declaratory judgment and a determination that Defendants violated the FDCPA, FCRA, Alabama Deceptive Trade Practices Act, federal law, and state law, and Plaintiff is similarly entitled to an order enjoining said acts.

68. As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to actual, compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

69. Defendants' actions, omissions, and violations as alleged herein constituted the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately

causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a) Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b) Award Plaintiff actual damages;

c) Award Plaintiff punitive damages;

d) Award Plaintiff state and federal statutory damages;

e) Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial;

f) Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g) Grant such other and further relief as this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED this ____ day of May, 2008.

/s/ Andy Nelms
K. ANDERSON NELMS (NEL022)
2005 Cobbs Ford Road, Suite 301A
Prattville, AL 36066
Phone: (334) 351-1770
Fax: (334) 351-1774
andynelms@andersonnelms.com
ASB-6972-E63K
Counsel for Plaintiff

Anderson Nelms & Associates, LLC
2005 Cobbs Ford Road, Suite 301A
Prattville, Alabama 36066

**THE DEFENDANT(S) MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

AMSHER COLLECTION SERVICES, INC.
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

ALLIANCE COLLECTION SERVICES
c/o Legal Affairs Division
1252 West Main Street
Tupelo, Mississippi 38801

STANDARD FURNITURE COMPANY
c/o Legal Affairs Division
1631 Center Point
Birmingham, Alabama 35215-5503

EQUIFAX INFORMATION SERVICES, LLC
C/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

EXPERIAN INFORMATION SOLUTIONS, INC.
C/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

TRANS UNION, LLC
C/o Prentice-Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, Alabama 36104